EXHIBIT H

Gregory Lekhtman
Biosig Instruments
P.O. Box 860
Champlain, NY 12919
Date: 6/25/99



Cybex International, Inc.
10 Trotter Drive
Medway, MA 02063
USA
508.533.4300
508.533.5500 fax

RE: Confidentiality Agreement dated 8/26/1996

Dear Mr. Lekhtman:

I have reviewed the confidentiality agreement signed in August 1996. The findings are:

1) We have not effected a collaboration between the two companies. We have a Buyer/Supplier relationship.
2) Since Cybex has not pursued a collaboration between the companies during the last two years and there is no further interest in any collaborative efforts, this memo serves as notice to end any possible collaboration and terminates the confidentiality agreement.
3) Cybex and its subsidiaries work with other suppliers/inventors of heart rate measurement devices and have independently developed alternative methods of heart rate measurement.
4) The device that Cybex uses in their treadmills does not infringe US 5337753.
5) Cybex has used and continues to use a device supplied by you in one or more of its products.
6) Cybex has recently issued a Purchase Order to Biosig. Cybex honors the terms of its Purchase Orders. There is no guarantee that additional Purchase Orders will be issued to Biosig.

Cybex wishes to have a mutually beneficial buyer-supplier relationship. I look forward to your response which can be discussed during the week of July 19th.

Sincerely,

Michael T. Sweeney
VP Engineering & Chief of Operations Tectrix Fitness Equipment, a Cybex Co.

Cc: Bill Hurley

EXHIBIT I

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

1300 I STREET, N. W.

WASHINGTON, DC 20005-3315

202 · 408 · 4000

FACSIMILE 202 · 408 · 4400

received

4-04-01

WRITER'S DIRECT DIAL NUMBER:

202·408·4053

LARRY.HEFTER@FINNEGAN.COM

ATLANTA
404·653·6400
PALO ALTO
650·849·6600

TOKYO
011·813·3431·6943
BRUSSELS
011·322·646·0353

March 30, 2001

Mr. Peter Hines
Cybex International, Inc.
10 Trotter Drive
Medway, MA  02053

**VIA CERTIFIED MAIL**

<u>U.S. Patent No. 5,337,753 for Heart Rate Monitoring</u>

Dear Mr. Hines:

We have been retained by Biosig Instruments Inc. in connection with assertion of its U.S. Patent No. 5,337,753, a copy of which is enclosed as Exhibit A.

The '753 patent has been previously brought to Cybex's attention at least as early as April 30, 1999.  Thus far, Cybex has not provided any substantive response to Biosig's assertions with respect to its '753 patent.  Rather, Mr. Sweeney's June 25, 1999 letter to Mr. Lekhtman simply asserts, without any reasoning whatsoever, that Cybex does not infringe the '753 patent.

Our factual investigation has shown that Cybex continues to utilize a contact heart rate monitor as set forth in the '753 patent.  Indeed, the aerobic equipment displayed by Cybex at the October 2000 Club Show in Chicago, Illinois had a four electrode structure as described in the '753 patent.  Moreover, while we did not see Cybex's Hiker product at the Club Show, Cybex's product literature distributed at that show illustrates a four ring electrode structure precisely as shown in the '753 patent.  As you well know, Biosig's four electrode system provides an accurate means for measuring a user's heart rate from untreated palms during exercise.

In addition to the patent infringement issue associated with Cybex's contact heart rate monitor, we note that Cybex signed a Confidentiality Agreement with Biosig Instruments in August of 1996 (copy attached as Exh. B).  This Agreement required, *inter alia,* that confidential information disclosed to Cybex by Biosig be used for the limited purpose of exploring a collaboration between the parties and was not to be used for any other purpose.  ¶ 2.1.



FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

Mr. Peter Hines
March 30, 2001
Page 2


Biosig subsequently provided proprietary information to Cybex that Cybex used in developing its contact heart rate monitoring system. Biosig's disclosure of proprietary information and Cybex's use of such information are reflected in at least the following communications (copies attached as Exh. C):

1. August 5, 1996 facsimile from J. Moffat to S. Angove;

2. August 22, 1996 facsimile from P. Okulov to B. Sargaent;

3. October 2, 1996 facsimile from P. Okulov to B. Sargaent (responding to October 1, 1996 facsimile from B. Sargaent to J. Moffat);

4. January 30, 1997 facsimile from J. Moffat to J. Champa;

5. February 6, 1997 facsimile from J. Moffat to M. Arndt;

6. March 10, 1997 facsimile from P. Okulov to M. Arndt;

7. August 6, 1997 facsimile from J. Moffat to M. Arndt; and

8. January 7, 1998 facsimile from J. Moffat to M. Padgett.

In short, Cybex gained access to Biosig's proprietary information under a confidentiality agreement. Without question, the documents demonstrate that Biosig's proprietary information was instrumental in developing Cybex's contact heart rate monitor in the 1996-98 time period. Cybex subsequently purchased products from Biosig for its contact heart rate monitor for a short time. Cybex then terminated its relationship with Biosig, while continuing to use technology developed by Biosig.

Rather than rehashing previous allegations of improper conduct, Biosig's objective is to develop a current business relationship with Cybex that will be mutually beneficial for both parties. In this regard, Biosig would be willing to license its '753 patent to Cybex for use on Cybex's wide variety of aerobic exercise machines. Such a license would, of course, also allow Cybex to use proprietary information obtained from Biosig.

Biosig is interested in a prompt resolution of this matter. Consequently, we are interested in initiating licensing discussions at the earliest possibility to move this matter

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

Mr. Peter Hines
March 30, 2001
Page 3


forward in a constructive manner.  Please let us know Cybex's intentions in this regard by April 18, 2001.

Very truly yours,

Laurence R. Hefter

LRH/jol
Enclosures

EXHIBIT J



**GUNSTER YOAKLEY**

ATTORNEYS AT LAW

Writer's Direct Dial Number: (954)468-1367
Writer's E-Mail Address: aweisberg@gunster.com

May 14, 2001

***VIA FACSIMILE & VIA MAIL***
Christopher P. Isaac, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C.  20005-3315

Re:    U.S. Patent No. 5,337,753  for Heart Rate Monitoring
       Biosig Instruments / Cybex International, Inc.
       Our File No. 23555.00003

Dear Mr. Isaac:

We have been retained by Cybex International, Inc. to respond to letters from your firm dated March 30 and April 30, 2001, directed to Mr. Peter Hines, regarding the above-identified patent. Kindly direct any further correspondence in this matter to our attention. Please rest assured that Cybex takes this matter seriously and has carefully considered the points raised in the letters. Cybex, however, strongly disagrees with position taken by Biosig for the reasons set forth below.

Cybex acknowledges a satisfying relationship with Biosig while developing a contact heart rate monitor for a product known as Hiker, as well having purchased product from Biosig for use with the Hiker product. However, Cybex discontinued purchases from Biosig for the Hiker product because Hiker sales were sluggish and no additional Biosig product was needed. More specifically, Cybex no longer manufactured the Hiker product at the time of the October 2000 Club Show in Chicago, even though sales literature apparently remained in circulation that displayed the product.

As claimed in the '753 patent, the Biosig product used with the Hiker requires four electrodes. Your letter of March 30, 2001, refers to "aerobic equipment" displayed by Cybex having a "four electrode" structure, without identifying a specific product by name or model number. As noted above, other than the discontinued Hiker product for which monitors were

Gunster, Yoakley & Stewart, P.A.
Broward Financial Centre
500 East Broward Boulevard, Suite 1400 • Fort Lauderdale, FL  33394
(954) 462-2000  Fax: (954) 523-1722
e-mail: clientservices@gunster.com • www.gunster.com

FORT LAUDERDALE • MIAMI • PALM BEACH • STUART • TALLAHASSEE • VERO BEACH • WEST PALM BEACH

Christopher P. Isaac, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
May 14, 2001
Page 2

purchased from Biosig, current Cybex products do not use cardiac monitors having the claimed "four electrode" configuration or other proprietary technology developed by Biosig.  Please review the enclosed copy of Cybex's superceded product literature from the year 2000, wherein the only product that included a "four electrode" structure was the Hiker product, which, as noted above, was not being manufactured or offered for sale at the time of the Show.  We also encourage you to review the current equipment offered by Cybex at www.cybexintl.com to verify that none of its products include a "four electrode" monitor.

Currently, some of the products manufactured and marketed by Cybex do include heart rate monitors; but, these monitors are structurally and functionally different than the monitor used in the Hiker product, and the products were not developed using any improperly obtained information.  Instead, the current Cybex product line includes equipment having monitors obtained from third parties, such as the CardioTouch monitor.

Details regarding the CardioTouch monitor can be found at www.salutron.com, as Salutron, Inc. is the provider of these monitors.  Enclosed for your convenience are page prints from the Salutron site that describe the technical features of the patented monitor, Cybex as customer of Salutron, and Cybex equipment that can be equipped with the Salutron monitor.

In view of the above, Cybex believes that the allegations presented in your letters are without merit.  Cybex and Biosig have had an amicable relationship in the past, and Cybex urges Biosig to reconsider its present posture if it wishes to maintain a mutually beneficial with Cybex in the future.

Sincerely,

Alan M. Weisberg

AMW/rs
Enclosures

EXHIBIT K

**DAVID MREJEN** Attorney-Avocat
5603 Castlewood, Montreal, Quebec
H4W-1V1- email: davidmrejen@sympatico.ca
Tel: 514-993-4830 — Fax: 514-576-4830

Post-it® Fax Note   7671   Date 3/3/04   # of pages ▶ 2
To JOrdan Mersky   From Sue r r Huve
Co./Dept.   Co.
Phone #   Phone #
Fax #   Fax #

March 1, 2004

**WITHOUT PREJUDICE**

Attention: President
Cybex International Inc.
10 Trotter Drive
Medway, MA
02053 USA

**VIA FACSIMILE AND REGISTERED MAIL**

Fax: 508-533-5500

RE:    **Infringement of Canadian Patent 2,033,014 and**
       **U.S. Patent 5,337,753 "Heart Rate Monitor"**

Dear Sir,

Please be advised that I am the new attorney for Biosig Instruments Inc.

I have been analyzing the previous correspondence between Biosig lawyers and management in your organization. It is clear that as of today your company still continues to infringe on technology which has been entrusted to Cybex by Biosig Instruments in the form of technical documentation. We also have a non-disclosure agreement between your company and Biosig Instruments in support of our allegations.

To remind you of the facts please note the following:

Biosig is the owner of United States Patent No. 5,337,753 entitled "Heart Rate Monitor" and of Canadian Patent No. 2,033,014.

We bring the Patents to your attention in connection with cardio exercise equipment manufactured by your company, which incorporate heart rate monitors that clearly infringe upon several claims of Biosig Patents.

Your company should note that the Patents were granted following years of extensive research and development by Biosig and are currently under license to numerous companies.

The Patents are based on the principle of four sensors, constituting two pairs of Electromyogram (EMG) electrodes, connected to a difference amplifier. The process can be best described as a balancing of the EMG signals with the resulting output of the difference amplifier consisting of ELECTROCARDIOGRAM signals. The Patents clearly teach the practical way to construct a reliable heart rate monitor for exercise machines. Please note that before this invention there were attempts made to make a reliable heart rate monitor by Biosig. During fifteen years of research and development Biosig has discovered that it is theoretically and practically impossible to reliably monitor a heart rate from untreated hands. After invention of a new technique which Biosig called EMG/ECG sensors technology,

Biosig introduced its sensors to the fitness market supplying major equipment manufacturers with a large quantity of reliable sensors. These sensors became extremely popular and are now used all over the world.

Taking into consideration the above, any manufacturer who uses four balanced EMG Electrodes is obviously infringing on Biosig's patents.

As mentioned previously, Biosig's invention is licensed to several major multinational fitness companies. Any company wishing to sell or distribute or promote in any matter exercise equipment incorporating subject matter based on the claims of the Patents is obliged to obtain a license from Biosig. This obligation is not limited to manufacturers but also extends to distributors, wholesalers and retailers.
Any party infringing on the Patents is liable for damages resulting thereof.

At the time the technology was initially introduced by Biosig , Biosig had spent significant time and energy to be a provider of patented technology and supplier of unique patented sensors to Cybex. As a result of this technology, Cybex was able to succeed in the market by providing a unique patented contact heart rate monitor on exercise machines. Being successful in the market, Cybex has been followed by numerous competitors who started to infringe on Biosig Technology. Biosig has asked Cybex to protect Biosig patented technologies and to educate the market that infringement is not a good way to go. Instead, Cybex breached the above-mentioned agreements it had with Biosig Instruments and started to infringe on Biosig technology. Infringement of patented technology does not lie within the ethical standard of behavior one would expect from a recognized international public corporation such as yours.

At one point, Cybex was buying 50 percent of its required sensors from Biosig and simultaneously fifty percent from outside sources. When Biosig had discovered this, Biosig had advised Cybex management to stop infringing and to start respecting its obligations it had with Biosig Instruments. During the last meeting between Gregory Lekhtman , president of Biosig, and the representatives of Cybex  it was mentioned that Cybex had formed a new company with a new management and that it would be a priority to resolve the infringement issue. Your company has not acted to stop the infringement and continues to infringe.

Based on the foregoing, we demand that your company immediately cease and desist from offering for sale, display or advertising any heart rate monitor based on our client's Patents. We further demand that your company cease and desist from importing, exporting, distributing, manufacturing and/or warehousing any fitness equipment incorporating a heart rate monitor based on the Patents.

We also demand that a detailed accounting of past sales and profits of equipment incorporating heart rate monitors based on Biosig's Patents be rendered within 30 (thirty) days of receipt of the present letter.

Your company should note that several companies have studied in depth the Patents, have recognized its strength and concluded that any litigation would undoubtedly conclude in Biosig's favor. These companies have negotiated mutually advantageous licensing agreements with our client. There are other companies with which Biosig is in the process of negotiating terms of a license. Our client has also instituted proceedings against a major retailer who has refused to cooperate.

Please contact the undersigned within five (5) days of receipt of the present letter should your company similarly be interested in obtaining a valid license so that it may continue to sell and to distribute equipment incorporating heart monitors described by the Patents.

Failure to either cease or desist from your company's infringing activities or to negotiate a fair and equitable licensing agreement will lead to the institution of proceedings.

Very truly yours,

David Mirejen
Attorney

EXHIBIT L

# GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE

### A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

ONE RIVERFRONT PLAZA

NEWARK, N.J. 07102-5496

973-596-4500

DAVID E. DE LORENZI
Director
(973) 596-4743

DIRECT FACSIMILE
(973) 639-6235
ddelorenzi@gibbonslaw.com

WEB SITE
http://www.gibbonslaw.com

March 25, 2004

**VIA EMAIL AND FEDERAL EXPRESS**

David Mrejen, Esq.
5603 Castlewood
Montreal, Quebec
Canada
H4W-1V1
davidmrejen@sympatico.ca

> Re:  **Cybex International, Inc. / Biosig Instruments, Inc.**

Dear Mr. Mrejen:

This firm has been engaged by Cybex International, Inc. ("Cybex") in connection with your letter dated March 1, 2004 alleging infringement of U.S. Patent No. 5,337,753 and Canadian Patent No. 2,033,014 (the "Patents").

We are currently reviewing your letter and its enclosures, in addition to the referenced Patents. We are also examining the prior correspondence between Biosig and Cybex from 2001.

In order for us to properly evaluate Biosig's claims and respond to your letter, we will need from you and/or your client information that is not identified in your letter or its enclosures. Specifically, please identify specifically the Cybex fitness equipment products that Biosig claims incorporate heart rate monitors that infringe any one of the Patents, either by identifying such products by model name, model number or the like. To the extent you and/or your client have any Cybex product literature in that regard that you believe would be helpful in identifying the accused products, we encourage you to provide us with that literature as well. Additionally, please identify the timeframe in which Biosig claims Cybex has sold the accused products. And, lastly, please identify specifically the heart rate monitors Biosig claims infringe either one of the Patents. Here again, to the extent you and/or your client have any product literature or samples of the accused heart rate monitors, we encourage you to provide us with those materials or samples.

#749285 v1
104480-51322

**GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**

David Mrejen, Esq.
March 25, 2004
Page 2


With respect to Biosig's claims regarding the Confidentiality Agreement between Cybex and Biosig, here again, we need from you and/or your client more specific information in order to respond to Biosig's claims. Specifically, please identify in detail the information deemed confidential by Biosig that it claims has been used and/or disclosed by Cybex in breach of the Confidentiality Agreement. Although the correspondence between Cybex and Biosig enclosed with Biosig's counsel's prior correspondence identifies generally some information disclosed between the parties, neither those materials nor your letter identifies which, if any, of that information has been improperly used and/or disclosed by Cybex, as alleged by Biosig.

Cybex's intention is to attempt to resolve this matter amicably, if at all possible. In that spirit, after you had the opportunity to discuss this letter with your client and compile the information we have requested, I encourage you to get back to us as soon as possible in that regard. Of course, if you have any questions in the interim, or if you would simply like to discuss this matter further, please do not hesitate to call me at 973-596-4743 or email me at ddelorenzi@gibbonslaw.com.

Very truly yours,

David E. De Lorenzi


DED/mep

EXHIBIT M



# DAVID MREJEN
### ATTORNEY - AVOCAT

Without Prejudice

April 20, 2004

David E. De Lorenzi
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
Attorneys At Law
One Riverfront Plaza
Newark, N.J.
07102-4500
Fax:973-639-6235

**VIA FACSIMILE AND MAIL**

**Re: Biosig Instruments Inc. vs. Cybex International Inc.**

Dear Mr.Lorenzi,

Thank you for your prompt reply of March 25, 2004

After reviewing the situation with my client, please note the following:

We would be glad to provide you with the details of all the infringed products sold by Cybex but please take into consideration only Cybex has full details of all the cardiovascular products they manufacture since 1996. As mentioned in our initial letter, the products are using four balanced EMG electrodes. This is the only way to get a reliable reading of the heart rate and same is patented by Biosig Instruments Inc. I doubt that Cybex would incorporate heart rate monitors that do not provide a reliable reading. Such would be the case if they were only using two electrodes. Therefore, it would be easy for you to get a list of these products from your client.

We find it counterproductive to allocate resources to gather this information as your client can provide you same as it is well aware which of their products contain a four electrode configuration. We will gather such information should we need to proceed with litigation at which time we will be able to obtain and easily verify the full list of products which infringe on Biosig Patents.

As to the nature of the confidential information, please note that Biosig introduced Cybex to Biosig patented technology sometime in 1996. Biosig engineers were helping Cybex to incorporate its technology with Cybex products. Biosig had designed dedicated printed circuit boards and taught Cybex engineers how to balance the electrodes in order to comply with Biosig patent claims. To comply with these claims is important in order to make a working monitor as already mentioned hereinabove. The substantial correspondence between Cybex and Biosig clearly shows the steps of the development and information disclosed. That is the reason Cybex and Biosig had signed the Non-Disclosure agreement. Cybex had done substantial business with Biosig. It was only after that Cybex was purchased by new owners, that the infringement started. Cybex begun buying the sensors from two different sources.

Given the strength of Biosig's patents and the circumstances of the past relationship of cybex and Biosig it should be apparent to your client that Biosig intends to litigate the matter should your client fail to obtain a license and the amount of damages it will claim will be substantial.

5603, CASTELWOOD, MONTREAL, QUEBEC, CANADA  H4W 1V1
TELEPHONE: (514) 993-4830 • FAX: 1-866-557-8581 • E-MAIL: davidmrejen@onebox.com

As you can appreciate the seriousness of the matter and amount of time elapsed, we demand that your client notify us of its intentions within a delay of two weeks from receipt of the present letter failing which our client will institute legal proceedings without any further notice or delay.

Your Truly,

David Mrejen

EXHIBIT N

# DAVID MREJEN
### ATTORNEY - AVOCAT

Without Prejudice

July 9, 2004

David E. De Lorenzi
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
Attorneys At Law
One Riverfront Plaza
Newark, N.J.
07102-4500
Fax:973-639-6235

**VIA FACSIMILE**

**Re: Biosig Instruments Inc. vs. Cybex International Inc.**

Dear Mr.Lorenzi,

Pursuant to our telephone conversation I have had the chance to discuss the matter with my client who has asked me to inform you of the following:

Please note that our client verified the equipment listed below as some of the infringed products sold by your client:

Treadmills:
700T
900T
710T
530T
515T
450T

Bikes:
700C
530C
530R

Ark trainers
600A
610A

Stepper:
600H Hiker

The terms below include any other equipment not mentioned herein which also infringe on Biosig Patents.

Our client would be ready to accept the following settlement terms in the form of a license:

The price for year 2004 and 2005 would be $10 per unit.
The prices for 2000-2004 would $6 per unit sold.
The prices for 2006 and every year thereafter shall be determined at the end of 2005.

Please note that our experts have determined the value of the license to be around $30 per unit. In the spirit that this matter be settled without litigation our client has suggested the lower terms.

Please provide us with an answer to our client's demands within 5 days of receipt of the present letter. If this is outside the range that your client was contemplating please provide me with a counter-offer in any form so that my client may consider same.

Should you need additional details please feel free to contact me.

If you fail to reply within the delay mentioned above; our client will instruct its attorneys in New York to proceed with legal action without any further notice or delay as it must protect its rights given the urgency of the matter.

This response is being sent solely to explore the potential for settlement and may not be used for any other purpose

Sincerely,

David Mreien

EXHIBIT O

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIOSIG INSTRUMENTS, INC., | Case No. 04 Civ. 6654 |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| THE NAUTILUS GROUP, INC. | |
| Defendant. | |

Plaintiff Biosig Instruments, Inc. ("Biosig" or "Plaintiff") by its attorney Zafar A. Siddiqi, for its complaint against Defendant The Nautilus Group, Inc. ("Nautilus" or "Defendant") allege upon knowledge with respect to their own acts, and upon information and belief as to other matters, as follows:

## THE PARTIES

1. Plaintiff Biosig is a corporation duly incorporated under the laws of Canada with its headquarters at 440-19th Avenue, Suite 100 Lachine, Quebec, Canada.

2. Biosig is in the business of, among other things, designing, manufacturing and selling exercise equipment and electronics, including patented heart monitors.

3. Defendant Nautilus is a Washington Corporation with its corporate headquarters at 1400 NE 136th Avenue, Vancouver, Washington.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§101-376. This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C.§§ 1331 and 1338(a).

1

5. This Court has *in personam* jurisdiction over Defendant because Nautilus resides and conducts business within this judicial district and/or because Nautilus has committed acts of patent infringement in this district.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and §1400(b) because Nautilus resides and/or may be found in this district and/or it has committed acts of patent infringement and regularly does business in this district.

<u>COUNT I</u>

(Patent Infringement of United States Patent No. 5,337,753)

7. Biosig is the sole and exclusive owner of United States Patent No. 5,337,753 to Gregory Lekhtman (the "'753 patent"). The '753 patent, entitled "Heart Rate Monitor," was duly and legally issued by the United States Patent and Trademark Office on August 16, 1994. A true and correct copy of the '753 patent is attached hereto as Exhibit A.

8. In violation of 35 U.S.C. § 271(a), Nautilus has made, used, offered for sale and/or sold in the United States systems that infringe one or more claims of the '753 patent.

9. Nautilus also has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '753 patent in violation of 35 U.S.C. §§ 271(b) and (c).

10. The infringement of the '753 patent by Nautilus has occurred with knowledge of the '753 patent and thus has been willful and wanton.

11. Biosig has suffered and will continue to suffer serious irreparable injury unless Nautilus's infringement of the '753 patent is enjoined.

PRAYER FOR RELIEF

WHEREFORE, Biosig respectfully requests that this Court enter judgment in its favor
and against Nautilus and grant the following relief:

A. A judgment that Nautilus has infringed the '753 patent in violation of 35 U.S.C.
§§ 271 (a), (b) and (c);

B. A judgment that Nautilus's infringement of the '753 patent has been willful and
wanton;

C. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining
Nautilus, and all persons in active concert or participation with Nautilus, from any
further acts of infringement, inducement of infringement, or contributory
infringement of the '753 patent;

D. An order, pursuant to 35 U.S.C. § 284, awarding Biosig damages adequate to
compensate Biosig for Nautilus's infringement of the '753 patent, in an amount to
be determined at trial, but in no event less than a reasonable royalty;

E. An order, pursuant to 35 U.S.C. § 284, and based on Nautilus's willful and
wanton infringements of the '753 patent, trebling all damages awarded to Biosig;

F. An order, pursuant to 35 U.S.C. § 284, awarding to Biosig interest on the
damages and its costs incurred in this action;

G. An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and
awarding to Biosig its reasonable attorneys' fees incurred in this action; and

Such other and further relief as this Court may deem just and proper.

<u>A jury trial is demanded.</u>

August 17, 2004

Zafar A. Siddiqi  ID # ZS2276
LAW OFFICES OF ZAFAR A. SIDDIQI
11 Broadway, Suite 853
New York, NY 10004
Tel.: 212-514-5900

4

EXHIBIT P

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**04 CV 6927**

BIOSIG INSTRUMENTS, INC.,

                    Plaintiff,

           v.

CYBEX INTERNATIONAL, INC.,

                    Defendant.

Case No. 04 Civ.

COMPLAINT AND DEMAND
FOR JURY TRIAL



RECEIVED
AUG 26 2004
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Biosig Instruments, Inc. ("Biosig" or "Plaintiff") by its attorney Zafar A. Siddiqi, for its complaint against Defendant Cybex International, Inc. ("Cybex" or "Defendant") allege upon knowledge with respect to their own acts, and upon information and belief as to other matters, as follows:

THE PARTIES

1. Plaintiff Biosig is a corporation duly incorporated under the laws of Canada with its headquarters at 440-19th Avenue, Suite 100 Lachine, Quebec, Canada.

2. Biosig is in the business of, among other things, designing, manufacturing and selling exercise equipment and electronics, including patented heart monitors.

3. Defendant Cybex is a New York Corporation with its corporate headquarters at 10 Trotter Drive, Medway, Massachusetts.

JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§101-376. This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C.§§ 1331 and 1338(a).

1

5. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332, because the amount of the matter in controversy exceeds $75,000 with respect to the plaintiff and the defendant and the plaintiff and the defendant are citizens of different states.

6. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

7. This Court has *in personam* jurisdiction over Defendant because Cybex resides and conducts business within this judicial district and/or because Cybex has committed acts of patent infringement in this district and/or because Cybex has consented to be sued in this district.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and §1400(b) because Cybex resides and/or may be found in this district and/or it has committed acts of patent infringement and regularly does business in this district.

<u>COUNT I</u>

(Patent Infringement of United States Patent No. 5,337,753)

9. Biosig is the sole and exclusive owner of United States Patent No. 5,337,753 to Gregory Lekhtman (the "'753 patent"). The '753 patent, entitled "Heart Rate Monitor," was duly and legally issued by the United States Patent and Trademark Office on August 16, 1994. A copy of the '753 patent is attached hereto as Exhibit A.

2

10. In violation of 35 U.S.C. § 271(a), Cybex has made, used, offered for sale and/or sold in the United States systems and/or components that infringe one or more claims of the '753 patent.

11. Cybex also has actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '753 patent in violation of 35 U.S.C. §§ 271(b) and (c).

12. The infringement of the '753 patent by Cybex has occurred with knowledge of the '753 patent and thus has been willful and wanton.

13. Biosig has suffered and will continue to suffer serious irreparable injury unless Cybex's infringement of the '753 patent is enjoined.

WHEREFORE, Biosig respectfully requests that this Court enter judgment in its favor and against Cybex and grant the following relief:

A.    A judgment that Cybex has infringed the '753 patent in violation of 35 U.S.C. §§ 271 (a), (b) and (c);

B.    A judgment that Cybex's infringement of the '753 patent has been willful and wanton;

C.    preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Cybex, and all persons in active concert or participation with Cybex, from any further acts of infringement, inducement of infringement, or contributory infringement of the '753 patent;

D.    An order, pursuant to 35 U.S.C. § 284, awarding Biosig damages adequate to compensate Biosig for Cybex's infringement of the '753 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

3

E.      An order, pursuant to 35 U.S.C. § 284, and based on Cybex's willful and wanton infringements of the '753 patent, trebling all damages awarded to Biosig;

F.      An order, pursuant to 35 U.S.C. § 284, awarding to Biosig interest on the damages and its costs incurred in this action;

G.      An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Biosig its reasonable attorneys' fees incurred in this action; and such other and further relief as this Court may deem just and proper.

<u>COUNT II</u>

(Unfair Competition)

14. Plaintiff repeats and realleges the allegations of the paragraphs 1-13 herein.

15.  During the period from 1996 up to and including 2000, Cybex purchased heart rate monitor components from Biosig. Prior to 1996 Cybex did not sell exercise equipment incorporating the new technology and improvements contained in Biosig's '753 patent.  Biosig, in good faith, advanced to Cybex certain confidential information and trade secrets including, but not being limited to, schematics, specifications, know-how, design parameters and drawings. Cybex knew that said information was confidential and that it was considered to be a trade secret and that Biosig expected compensation therefore, said compensation being in the form of royalties and licensing fees derived from the sale of heart rate monitor components utilizing the technology contained in Biosig's '753 patent.

16. Cybex has since caused great damage to Biosig and has been unjustly enriched by using said confidential information and trade secrets in the manufacture of

4

exercise equipment incorporating heart rate monitors that infringe upon Biosig's '753 patent.

WHEREFORE, Biosig respectfully requests that this Court enter judgment in its favor and against Cybex and grant the following relief:

A.    Money damages to be proven at trial, but not less than $5 million;

B.    Punitive damages;

C.    All costs and attorney's fees Plaintiff incurs;

D.    Such further or other relief as this Court deems appropriate and just.

<u>COUNT III</u>

(Breach of Contract)

17. Plaintiff repeats and realleges the allegations of paragraphs 1-16 herein.

18. On or about August 27, 1996 Biosig and Cybex entered into a confidentiality agreement a copy of which is attached hereto as Exhibit B, wherein and whereby Cybex agreed to maintain confidential all information disclosed to Cybex pertaining to the heart rate monitors supplied to Cybex by Biosig.

19. The confidentiality agreement provided that it was to be governed and construed as a contract made in New York according to the laws of New York and that each party would submit to the jurisdiction of New York Courts including the federal district courts located in the State of New York.

20. Biosig has duly performed all conditions of the confidentiality agreement.

21. Cybex breached the terms and conditions of the confidentiality agreement and passed on confidential information to third party suppliers of heart rate monitors

who have used the same to aid in the manufacture of infringing heart rate

monitors and/or infringing heart rate monitor components.

WHEREFORE, Biosig respectfully requests that this Court enter judgment in its

favor and against Cybex and grant the following relief:

A.    Money damages to be proven at trial, but not less than $5 million;

B.    Punitive damages;

C.    All costs and attorney's fees Plaintiff incurs;

D.    Such further or other relief as this Court deems appropriate and just.

A jury trial is demanded on all counts.


Date:   New York, NY
        August 25, 2004

Zafar A. Siddiqi  ID # ZS2276
LAW OFFICES OF ZAFAR A. SIDDIQI
11 Broadway, Suite 853
New York, NY 10004
Tel.: 212-514-5900

6

EXHIBIT Q

# <u>AFFIDAVIT OF SERVICE</u>

**State of New York**　　　　**County of Southern District**　　　　　**U.S.District Court**

Index Number: 04-CV-6654
Date Filed: _____

Plaintiff:
**BIOSIG INSTRUMENTS, INC.**

vs.

Defendant:
**THE NAUTILUS GROUP, INC.**

For:
Zafar Siddiqi
ZAFAR A. SIDDIQI
11 Broadway, Suite 853
New York, NY  10004

Received by PRO-SERV to be served on **THE NAUTILUS GROUP, INC. 1400 NE 136TH AVE., VANCOUOVER, WA. 98684**.

I, Bruce Samuelson, being duly sworn, depose and say that on the **18th day of August, 2004** at **3:40 pm, I:**

**SERVED** the within named **CORPORATION/ENTITY** by delivering a true copy of the **SUMMONS IN A CIVIL ACTION: COMPLAINT AND DEMAND FOR A JURY TRIAL: INDIVIDUAL RULES OF PRACTICE OF JUDGE RICHARD OWEN: INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE FRANCIS** with the date and time of service endorsed thereon by me to **WAYNE BOLIO** as **CHEIF LEGAL COUNSEL** of the within named corporation/entity, in compliance with State Statutes.

**Description** of Person Served:  Age: 55,  Sex: M,  Race/Skin Color: Cauc,  Height: 5'7",  Weight: 170,  Hair: White, Glasses: Y

# AFFIDAVIT OF SERVICE for 04-CV-6654

I certify that I am a competent person over the age of 18 and a resident of the State of Washington; I am not a party to nor an officer, director or employee of, nor attorney for any party. The entity served is the same entity named in the action.

Bruce Samuelson
3682177

Subscribed and Sworn to before me, on the 19th day of August, 2004 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PRO-SERV
212 W 13th Street
Suite H
Vancouver, WA  98660
(360) 699-5651
Our Job Serial Number: 2004002367

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5c

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE 08-18-04 |
| NAME OF SERVER (PRINT) Bruce A. Samuelson Sr | TITLE Process Server |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: 1400 NE 136th Ave. Vancouver, WA 98084

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____

☒ Other (specify): Served upon Wayne Polio, Chief Legal Counsel _____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  08-18-04
         Date

_____
Signature of Server

212 W. 13th St. Ste H.
Vancouver, WA 98660
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

EXHIBIT R

David E. De Lorenzi (DED-2692)
Michael Cukor (MC-0753)
E. Evans Wohlforth (EEW-1425)
**GIBBONS, DEL DEO, DOLAN**
**GRIFFINGER & VECCHIONE**
One Pennsylvania Plaza
New York, NY 10119-3701
(212) 649-4700 (Telephone)
(212) 333-5980 (Facsimile)

Attorneys for Defendant,
Cybex International, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIOSIG INSTRUMENTS, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>CYBEX INTERNATIONAL, INC.,<br><br>                    Defendant. | Civil Action No.  04 6927 (RO)<br><br>**DECLARATION OF DAVID E. DE LORENZI, ESQ.  IN SUPPORT OF CYBEX INTERNATIONAL, INC.'S MOTION TO DISMISS OR TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(A)** |

I, **DAVID E. DE LORENZI,** hereby state under penalty of perjury as follows:

1.      I am a Director of the firm of Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., counsel for defendant Cybex International, Inc. ("Cybex") in this action.  I make this Declaration in support of Cybex's motion to dismiss or transfer this action to the United States District Court for the District of Massachusetts.

2.      Attached as Exhibit A is a true and accurate copy of the Complaint in Cybex International, Inc. v. Biosig Instruments, Inc., Civ. No. 04-11846 (DPW)(D. Mass.).

3.      Attached as Exhibit B is a true and accurate copy of a Confidentiality Agreement between Biosig Instruments, Inc. and Cybex International, Inc. executed on August 27 and 28, 1996.

4.    Attached as Exhibit C is a true and accurate copy of a letter by Gregory Lekhtman dated April 30, 1999.

5.    Attached as Exhibit D is a true and correct copy of a letter by Gregory Lekhtman dated May 20, 1999.

6.    Attached as Exhibit E is a true and correct copy of a letter by Michael T. Sweeney dated June 25, 1999.

7.    Attached as Exhibit F is a true and accurate copy of a letter by Lawrence R. Hefter, dated March 30 2001.

8.    Attached as Exhibit G is a true and correct copy of a letter by Alan M. Weisberg, dated May 14, 2001.

9.    Attached as Exhibit H is a true and accurate copy of a letter by David Mrejen, Esq., dated March 1, 2004.

10.    Attached as Exhibit I is a true and accurate copy of a letter by David E. De Lorenzi, dated March 25, 2004.

11.    Attached as Exhibit J is a true and correct copy of a letter by David Mrejen, dated April 20, 2004.

12.    Attached as Exhibit K is a true and correct copy of a letter by David Mrejen, dated July 9, 2004.

13.    Attached as Exhibit L is an accurate transcription of a voicemail I received from counsel for plaintiff on August 26, 2004.

14.    Throughout this Spring and Fall, I spoke on several occasions with Biosig's Canadian counsel, David Mrejen, in an effort to explain (again) why Cybex believes Biosig's patent infringement and other claims against the company are baseless.  On virtually every

#787383 v1
104480-51322

occasion, Mr. Mrejen threatened that unless Cybex settled immediately (or by some other deadline), Biosig would commence a lawsuit against the company. But, Biosig never did.

15.    On August 25, 2004, this firm telephoned Biosig's counsel, advised counsel that the above-captioned lawsuit had been filed, and asked it counsel would accept service of the Summons and Complaint.


I declare under the penalty of perjury that the foregoing is true and correct.


Dated this 27th day of September 2004.

_____
DAVID E. DE LORENZI

#787383 v1
104480-51322