UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CYBEX INTERNATIONAL, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**BIOSIG INSTRUMENTS, INC.**<br><br>**Defendant.** | Civil Action No. 04-11846 (DPW) |

JOINT CASE MANAGEMENT PROPOSAL

In accordance with Local Rule 16.1(D) and this Court's Notice of Scheduling Conference, Order for Joint Statement and Certifications dated December 6, 2004, plaintiff Cybex International, Inc. ("Cybex") and defendant Biosig Instruments, Inc. ("Biosig") submit this joint case management proposal.

**I. Summary of the Position of the Parties**

**A. Plaintiff's Position**

Cybex manufactures strength and cardiovascular fitness and exercise equipment for the commercial and consumer markets. In addition to its Massachusetts headquarters and manufacturing plant, Cybex has facilities in Owatonna, Minnesota; Portland, Oregon; and the United Kingdom. In 1996, Cybex began to purchase heart rate monitor devices from Biosig for installation into Cybex's exercise equipment. In 1997, Cybex merged with Trotter, Inc., of Medway, Massachusetts. At that time, virtually all operations, records and personnel were moved completely out of New York and into Massachusetts. The merger with Trotter exposed Cybex to additional suppliers and Cybex eventually

1

made a business decision to discontinue its relationship with Biosig and purchase its heart rate monitors from other suppliers. This upset Biosig so much that for the past <u>five (5) years</u> it pursued a campaign of "patent infringement" harassment against Cybex and its new suppliers.

Cybex filed the instant action to end that five-year campaign during which Biosig repeatedly threatened to file suit but never did. The evidence shows that Biosig would have continued its threat campaign, without ever filing suit, had Cybex not filed this action to establish some business certainty and free itself and its suppliers from Biosig's relentless threats.

**B. Defendant's Position**

Defendant has filed suit in the United States District Court for the Southern District of New York seeking damages for infringement of the patent that is the subject of the declaratory action before this Court as well as for breach of contract and unfair competition. Defendant has filed a Motion to Dismiss or to Transfer that is currently pending before this Court. Defendant's suit in the Southern District of New York has been stayed pending a determination of its Motion to Dismiss or to Transfer before this Court.

Defendant's submission of proposed schedule is pursuant to this Court's Order and does not constitute a waiver of its position that this Court does not have personal jurisdiction over Defendant or, in the alternative, that this Court should defer to the parallel Southern District of New York action.

Defendant denies both that the patent that is the subject of this declaratory judgment action is invalid and that Cybex is not infringing the same. Defendant plans to proceed with its action in the Southern District of New York.

## II. Plaintiff's Position As to Discovery

Cybex contends that since Biosig has been threatening litigation for five years, and since it has been conducting business in Massachusetts, it should now be prepared to conduct discovery here. Cybex believes that it is in the best interest of all parties for discovery to begin immediately so that Cybex can irrefutably demonstrate that Biosig's patent is neither infringed, valid nor enforceable.

## III. Defendant's Position As to Discovery

Defendant position is that discovery should be stayed pending resolution of its dispositive motion. Defendant's request that discovery be stayed is consistent with the principle that it is appropriate to defer discovery until preliminary questions that may dispose of the case are determined. See Kleinerman v. United States Postal Service, 100 F.R.D. 66, 68 (D. Mass. 1983) (stay refused on basis that defendant had failed to file a memorandum of law in support of its motion to dismiss). See also Sebago, Inc. v. Beazer East, Inc. 18 F. Supp. 2d 70, 77-78 (D. Mass. 1988) (discovery stayed pending resolution of motion to dismiss). In its pending motion Defendant argues that the Court lacks personal jurisdiction over Defendant, that the Court should decline to exercise its discretionary jurisdiction, if any, in light of Plaintiff's inequitable anticipatory filing, and that the balance of convenience favors either dismissal or transfer of this action to the United States District Court for the Southern District of New York. These multiple grounds, supported by affidavits, exhibits and case law clearly show that the motion

meets the requirements of having a firm foundation in law that would render a stay of discovery appropriate. Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (E.D.N.Y. 1999).

Alternatively, if discovery must go forward, it should proceed in one phase as the same witnesses and same set of facts will be relevant to both parties' claims and bifurcation will result in unnecessary duplication and delays. Defendant's discovery schedule would follow the parameters laid out in Defendant's Proposed Schedule and pertain to the following issues.

- Infringement/Non-Infringement
- Invalidity
- Unenforceability
- Breach of contract, should Defendant elect to interpose such a counterclaim before this Court.
- Unfair competition, should Defendant elect to interpose such a counterclaim before this Court.
- Damages

Defendant is amenable to mediating this case.


**IV. Plaintiff's Proposed Schedule for Discovery and Dispositive Motions**

Cybex is amenable to mediating this case.

Cybex anticipates that a Protective Order will be entered in this case.

4

Cybex contends that all discovery, including the number of depositions, interrogatories, document requests and requests for admissions, should be conducted in accordance with the limitations of the Federal Rules of Civil Procedure.

Cybex proposes that initial disclosures shall be made no later than January 05, 2005, and that the deadline for joining other parties and amending the pleadings shall be February 14, 2005.

Cybex believes that this is a case that can be resolved quickly with early summary judgment motions. Minimal discovery will be required to demonstrate that the asserted patent is not valid or enforceable. Accordingly, Cybex proposes that phased discovery is appropriate and that the initial phase of discovery should be limited to evidence relating to the validity and enforceability of the asserted patent. After completion of the initial phase, the parties should file summary judgment motions. If the case is not resolved after that phase, then additional discovery regarding infringement and damages will be appropriate.

**PHASE 1 - Invalidity and Unenforceability**

Initial phase of fact discovery shall be completed by March 31, 2005.

Initial expert reports exchanged by April 21, 2005.

Initial expert depositions to be concluded by May 13, 2005.

Initial summary judgment motions filed by June 1, 2005.

**If necessary, PHASE 2 - Infringement and Damages**

To the extent that an additional phase of discovery is required, it should commence after the court decides the summary judgment motions.

Phase 2 of fact discovery shall be completed within 6 months from the Court's decision on the invalidity and unenforceability summary judgment motions.

Phase 2 expert discovery shall be completed within 8 months from the Court's decision on the invalidity and unenforceability summary judgment motions.

Phase 2 affirmative expert reports shall be exchanged within 10 months from the Court's decision on the invalidity and unenforceability summary judgment motions.

Phase 2 rebuttal expert reports shall be exchanged within 11 months from the Court's decision on the invalidity and unenforceability summary judgment motions.

To the extent that they are necessary, Cybex proposes that the deadline for filing opening claim construction briefs shall be within 2 months after the exchange of rebuttal expert reports and that opposition claim construction briefs be filed within the next month.

To the extent that it is necessary, Cybex proposes that the parties conduct an additional month of expert discovery and exchange supplemental expert reports after the Court issues a claim construction ruling.

**V. Defendant's Proposed Schedule for Discovery and Dispositive Motions**

Plaintiff has apprised Defendant that it shall request that discovery be held immediately. Defendant objects as a Motion to Dismiss or Transfer is pending and has

yet to be decided by this Court. Defendant has not answered Plaintiff's complaint or interposed any counterclaims. Discovery at this stage would therefore be premature and moot Defendant's pending motion. Defendant believes that discovery should be stayed and that, for the purposes of rendering economies to all parties, any contemplated discovery schedule should incorporate as its point of reference the date that a determination has been made with regards to Defendant's pending motion to dismiss or transfer.

Subject to the foregoing, Defendant proposes the following discovery schedule:

1. Initial Disclosure: Parties will exchange the information required by Rule 26(a)(1) within 14 days of the issuance of an Order on Defendant's Motion to Dismiss or Transfer.

2. Discovery:

a. Fact Discovery to be completed within 10 months of the issuance of an Order on Defendant's Motion to Dismiss or Transfer.

b. Expert Discovery, including depositions by both parties, to be completed within 13 months of the issuance of an Order on Defendant's Motion to Dismiss or Transfer. Expert Reports from the party bearing the burden of proof on a particular issue are to be served within 11 months of the issuance of an Order on Defendant's Motion to Dismiss or Transfer. Rebuttal Expert Reports are to be served within 12 months of the issuance of an Order on Defendant's Motion to Dismiss or Transfer.

c. The following discovery methods will be used:

-Interrogatories (25) per party
-Depositions (6) per party

    -Requests for Documents and Things (2) per party
    -Requests for Admissions (25) per party

All response deadlines and time limitations provided by the Federal Rules of Civil Procedure shall apply.

4.      Other items

    a.      Cut-off date for amending pleadings is within 7 months of the issuance of an Order on Defendant's Motion to Dismiss or Transfer.

    b.      The cut-off date for serving dispositive or potentially dispositive motions is 16 months of an Order on Defendant's Motion to Dismiss or Transfer.

    c.      The parties shall participate in mediation prior to the pre-trial conference pursuant to Local Rule 16.4(c)(4) unless excused by the Court.

**VI. CERTIFICATIONS**

The parties have attached hereto their certifications pursuant to Local Rule 16.1(D)(3).

                                                        Respectfully submitted,

                                                        _____
                                                        Humayun Siddiqi (pro hac vice pending)
                                                       LAW OFFICES OF ZAFAR A. SIDDIQI
                                                       11 Broadway, Suite 853
                                                       New York, NY 10004
                                                       Tel. (212) 514-5900
                                                       Fax (212) 514-5005

                                                       Edward Foye (B.B.O. 562375)

Todd & Weld LLP
28 State Street
Boston, MA 02109
Tel. (617) 624-4756
Fax. (617) 227-5777
Attorneys for Defendant Biosig Instruments, Inc.


\_\_\_\_/s Mark Kronfeld_____
Mark Kronfeld (B.B.O. 630830)
David De Lorenzi (pro hac vice pending)
Michael Cukor (pro hac vice pending)
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, NJ 07102-5497
 (973) 596-4500
 (973) 596-0545 Facsimile
Attorneys for Plaintiff Cybex International, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYBEX INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>BIOSIG INSTRUMENTS, INC.<br><br>Defendant. | Civil Action No. 04-11846 (DPW) |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(3)

The undersigned affirm that each have conferred

(a) with a view to establishing a budget for the costs of conducting the full course, and various other courses, of the above-captioned litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 of the United States District Court for the District of Massachusetts.

_____
Mark Kronfeld (B.B.O. 630830)
David De Lorenzi (pro hac vice pending)
Michael Cukor (pro hac vice pending)
Gibbons, Del Deo, Dolan, Griffinger &
Vecchione, P.C.
One Riverfront Plaza
Newark, New Jersey, 07102
Tel.: (973) 596-4500

_____
Cybex International, Inc.
By: Jordan Mersky, Esq.
General Counsel

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYBEX INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>BIOSIG INSTRUMENTS, INC.<br><br>Defendant. | Civil Action No. 04-11846 (DPW)<br><br>CERTIFICATION OF DEFENDANT BIOSIG INSTRUMENTS, INC. PURSUANT TO LOCAL RULE 16.1(3) |

The undersigned affirm that each have conferred

(a) with a view to establishing a budget for the costs of conducting the full course, and various other courses, of the above-captioned litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 of the United States District Court for the District of Massachusetts.

_____
Humayun Siddiqi (pro hac vice pending)
Law Offices of Zafar Siddiqi
11 Broadway, Suite 853
New York, NY 10004
Tel.: (212) 514-5900

Biosig Instruments, Inc.

_____
By: Gregory Lekhtman
President

Edward Foye (B.B.O. 562375)
Todd & Weld LLP
28 State Street
Boston, MA 02109
Tel. (617) 624-4756
Fax. (617) 227-5777

1